1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES FARNSWORTH,

                    Petitioner,

          v.

ANTHONY QUINN,

                    Respondent.

Case No. C07-5155

ORDER DENYING WRIT
OF HABEAS CORPUS

This matter comes before the court on petitioner Charles Farnsworth's Petition for Writ of Habeas Corpus. Dkt. 1. This matter was referred to United States Magistrate Judge J. Kelley Arnold. The Court adopts the Report and Recommendation (Dkt. 18) and addresses Petitioner's Objection to Report and Recommendation (Dkt. 19).

**A. BACKGROUND**

On September 4, 2007, Magistrate Judge Arnold issued a Report and Recommendation, recommending that the petition be denied with prejudice. Dkt. 18. On September 19, 2007, Petitioner filed an Objection to Report and Recommendation. Dkt. 19.

Petitioner raises two objections. First, Petitioner argues that Washington State Criminal Rule 3.3 (CrR 3.3) is unconstitutional because the rule is unascertainable. Petitioner alleges a due process violation because CrR 3.3 did not put him on notice that, if he failed to object to the trial court's ruling setting the trial date outside the 60-day time period set by CrR 3.3, he would waive his right to later challenge this ruling. Second,

ORDER DENYING WRIT OF HABEAS CORPUS
Page - 1

1   Petitioner argues that CrR 3.3(h) provides a "'liberty interest' under due process to have [Petitioner's] criminal

2   charges dismissed with prejudice when not brought to trial within the 60-day time rule."

3   **B. LEGAL STANDARDS**

4          Under federal law, the Court may not grant an application for habeas corpus with respect to any claim

5   that was adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that

6   was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

7   the Supreme Court of the United States.  28 U.S.C. §2254(d)(1) (1996).  In order to grant relief, a federal

8   habeas court "must find that the absence of...fairness fatally infected the trial; the acts complained of must be

9   of such quality [that they] necessarily prevent[ed] a fair trial."  *Kealohapuaole v. Shimoda,* 800 F.2d 1463,

10  1465 (9th Cir. 1986) (internal quotation marks and citation omitted).

11         The Due Process Clause of the Fourteenth Amendment provides that no person shall be deprived of

12  life, liberty or property without due process of law.  In analyzing a procedural due process claim, a court must

13  first determine whether the claimant has been deprived of a liberty or property interest protected by the

14  Constitution; if so, the court must determine whether the procedures attendant upon that deprivation were

15  constitutionally sufficient.  *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454 (1989).

16         If a petitioner's writ for habeas corpus challenges a state law or court rule, federal courts defer to a

17  state's court interpretation of state law unless the court's interpretation is untenable or amounts to a subterfuge

18  to avoid federal review of a constitutional violation.  *Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir.), *cert*

19  *denied* 459 U.S. 1055 (1982); *see also Oxborrow v. Eikenberry*, 877 F.2d 1395 (9th Cir.), *citing Mullaney v.*

20  *Wilbur,* 421 U.S. 684, 691 n. 11 (1975) (Washington State Supreme Court must be recognized as ultimate

21  expositor of its own state law).

22  **C. DISCUSSION**

23         The Court should deny the petition for habeas corpus.  Petitioner challenged CrR 3.3(d) in state court,

24  and the Washington State Court of Appeals determined that CrR 3.3 is not ambiguous and expressly provides

25  that a party must object within 10 days after notice of the trial date, and "[a] party who fails, for any reason,

26  to make such a motion shall lose the right to object." *State v. Farnsworth*, 133 Wash.App 1, 12, 130 P.3d 389

27  (2006). This Court defers to the Court of Appeals' interpretation of CrR 3.3. The state court's interpretation

28  is not untenable, and the challenged provision of CrR 3.3 did not violate Petitioner's due process rights.  No

1  clearly established federal law, as determined by the Supreme Court, supports Petitioner's position.

2  Because the trial court's application of CrR 3.3 did not violate Petitioner's due process rights,

3  Petitioner's second objection also fails.  As set out in the Report and Recommendation, Petitioner was not

4  denied a speedy trial.  Dkt. 18, at 4-5.  No clearly established federal law supports Petitioner's argument that

5  the setting of his trial date 69 days after arraignment violates federal law or the constitution.

6  Therefore, it is hereby **ORDERED** that the Report and Recommendation (Dkt. 18) is **ADOPTED**

7
8  and Petitioner's Writ of Habeas Corpus (Dkt. 1) is **DENIED WITH PREJUDICE.**

9  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

10 party appearing *pro se* at said party's last known address.

11

12 DATED this 27th day of September, 2007.

13

14  ROBERT J. BRYAN

15  United States District Judge

16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER DENYING WRIT OF HABEAS CORPUS
Page - 3